

| | | |
|---|---|---|
| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    *Courts.ky.gov*<br><br>CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | Case #: **26-CI-00238**<br>Court: **CIRCUIT**<br>County: **CARTER** |

DOCUMENT

AM

NOT ORIGINAL
06/17/2026 09:35:19

84997-7

*Plaintiff,* **WARE, CALEEL VS. CITY OF GRAYSON ET AL**, *Defendant*

TO: **TROY COMBS**
   **302 E. MAIN ST.**
   **GRAYSON, KY 41143**

Memo: Related party is CITY OF GRAYSON

The Commonwealth of Kentucky to Defendant:
**CITY OF GRAYSON**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Larry D. Thompson,
Carter Circuit Clerk
Date: **6/5/2026**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20 _____

_____
Served By

_____
Title

Summons ID: @90006016283
CIRCUIT: 26-CI-00238 Certified Mail
WARE, CALEEL VS. CITY OF GRAYSON ET AL



Presiding Judge: HON. REBECCA K. PHILLIPS (637246)

CI : 000001 of 000001

Exhibit A
eFiled

Filed          26-CI-00238 06/05/2026          Larry D. Thompson, Carter Circuit Clerk

**COMMONWEALTH OF KENTUCKY**
**CARTER CIRCUIT COURT**
**CIVIL COURT DIVISION**
**CIVIL ACTION NO. _____**

**CALEEL WARE**                                                                                      **PLAINTIFF,**

**VS.**

**CITY OF GRAYSON, KENTUCKY;**                                                  **DEFENDANTS.**

> Serve:          Troy Combs, Mayor
>                      302 East Main Street
>                      Grayson, KY 41143
>                      Via Certified Mail

**GRAYSON POLICE DEPARTMENT, UNKNOWN SUPERVISORS &**
**UNKNOWN POLICYMAKERS;**

> Serve:          Troy Combs, Mayor
>                      302 East Main Street
>                      Grayson, KY 41143
>                      Via Certified Mail

**OFFICER BELL, individually and in his official capacity as a Grayson Police Officer;**

> Serve:          Michael Bell
>                      Via Warning Order Attorney

**OFFICER CORDLE, individually and in his official capacity as a Grayson Police Officer;**

> Serve:          Cole Cordle
>                      302 East Main Street
>                      Grayson, KY 41143
>                      Via Certified Mail

Presiding Judge: HON. REBECCA K. PHILLIPS (637246)

* COM : 000001 of 000022

## COMPLAINT AND JURY DEMAND

1. This is a civil-rights and tort action arising from Defendants' use of unreasonable and excessive force, unlawful seizure, deliberate indifference to serious medical needs, failure to provide reasonable medical care, unlawful detention, false charging, and related misconduct against Plaintiff Caleel Ware in or about November 14, 2025, in Grayson, Carter County, Kentucky.

2. Plaintiff was intoxicated, medically vulnerable, nonviolent, handcuffed, and not actively resisting. Rather than secure medical evaluation, de-escalate, or safely assist him, Defendants tased him, dragged him from a vehicle, struck or caused his head to strike the car door or frame, transported him to the Grayson Police Department, confined him in an observation room, pepper sprayed him while handcuffed and not a threat, delayed decontamination, verbally berated him, and left him in conditions that aggravated his injuries and distress.

3. Plaintiff brings claims under 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments to the United States Constitution, together with Kentucky common-law and statutory claims, including assault, battery, negligence, gross negligence, negligent hiring, training, supervision, and retention, false imprisonment/unlawful detention, intentional infliction of emotional distress/outrage, negligent infliction of emotional distress, malicious prosecution and/or abuse of process to the extent supported by discovery, and claims for punitive damages against the individual Defendants.

4. Plaintiff seeks compensatory damages, punitive damages where permitted, attorney's fees and costs under 42 U.S.C. § 1988, pre- and post-judgment interest, and all other relief available by law.

Presiding Judge: HON. REBECCA K. PHILLIPS (637246)

COM : 000002 of 000022

## II. Parties

5. Plaintiff Caleel Ware is an individual resident of Kentucky. At all relevant times, Plaintiff was a person entitled to the protections of the United States Constitution, the Kentucky Constitution, and Kentucky law.

6. Defendant City of Grayson, Kentucky is a municipal corporation organized under the laws of the Commonwealth of Kentucky. At all relevant times, the City operated, controlled, funded, supervised, and/or was responsible for the Grayson Police Department and its officers, employees, agents, policymakers, customs, policies, practices, training, supervision, discipline, and retention decisions.

7. Defendants, Grayson Police Department and Unknown/Unnamed Supervisors and Policymakers, are named to preserve all claims and theories. To the extent these Defendants are not a separate suable entity under Kentucky law, all claims against them are pleaded in the alternative against the City of Grayson, Kentucky, and the City is liable for the acts, omissions, policies, customs, and practices of its police department, supervisors, policymakers and personnel as permitted by law.

8. Defendant Officer Bell was, at all relevant times, a law-enforcement officer employed by, acting for, or acting under color of law for the City of Grayson and/or the Grayson Police Department. He is sued in his individual capacity for his personal acts and omissions and in his official capacity for purposes of preserving claims against the municipal entity.

9. Defendant Cole Cordle was at all relevant times a law-enforcement officer employed by, acting for, or acting under color of law for the City of Grayson and/or the Grayson Police Department. He is sued in his individual capacity for his personal acts and omissions and in his official capacity for purposes of preserving claims against the municipal entity.

10. At all relevant times, the individual Defendants acted under color of state law and within the scope or apparent scope of their employment, agency, and authority, except to the extent their conduct was malicious, willful, wanton, reckless, in bad faith, or outside the lawful scope of any discretionary authority.

### III. Jurisdiction and Venue

11. This Court has subject matter jurisdiction over this action under the Kentucky Constitution, Kentucky statutes governing circuit court jurisdiction, and because this action seeks damages exceeding the jurisdictional minimum of this Court.

12. This Court has concurrent jurisdiction over Plaintiff's federal claims under 42 U.S.C. § 1983. State courts have concurrent jurisdiction over § 1983 claims unless Congress provides otherwise.

13. Venue is proper in Carter County, Kentucky because the events giving rise to this action occurred in Grayson, Carter County, Kentucky; Defendant City of Grayson is located in Carter County; and the individual Defendants acted in Carter County or under authority of the City of Grayson.

14. Plaintiff demands a trial by jury on all issues so triable.

### IV. Factual Allegations

15. On or about November 14, 2025, a 911 call was made to dispatch concerning Plaintiff Caleel Ware. The caller reported, in substance, that Plaintiff was intoxicated in the back of a car and that the driver stated Plaintiff would not exit.

16. Grayson police officers, Michael Bell and Cole Cordle, responded to the call.

17. When officers encountered Plaintiff, he was intoxicated, unable to stand reliably, and unable to follow directions in the same manner as a sober person.

Presiding Judge: HON. REBECCA K. PHILLIPS (637246)

COM : 000004 of 000022

Filed    26-CI-00238 06/05/2026    Larry D. Thompson, Carter Circuit Clerk

18. Plaintiff was not violent and did not assault, threaten, or attempt to assault any officer. Plaintiff did not attempt to flee.

19. Plaintiff attempted to comply with officers' directions to the extent his intoxication allowed.

20. Officers repeatedly ordered Plaintiff to sit up straight in the vehicle. Plaintiff, because of his intoxication and medical condition, was laying down or slumping and could not reliably maintain the posture officers demanded.

21. While officers were talking to Plaintiff, Plaintiff attempted to stand and have a discussion with them.

22. Rather than de-escalate, stabilize him, assist him safely, obtain medical evaluation, or recognize that Plaintiff's conduct was caused by intoxication rather than resistance, officers pushed Plaintiff back into the car multiple times.

23. Defendants then tased Plaintiff and accused him of resisting, despite the fact that Plaintiff was not violently resisting and, upon information and belief, body-camera footage shows that Plaintiff was not resisting in a manner justifying a taser deployment.

24. Plaintiff was handcuffed when he was tased and/or when force was used against him.

25. When Plaintiff was unable to continue sitting upright, officers did not safely assist him into a seated position or secure him with a seatbelt.

26. Instead, officers pulled Plaintiff from the backseat onto the pavement causing the Plaintiff to fall directly onto his back.

27. During the officers' handling of Plaintiff, including when they attempted to put him back into the car, Defendants caused Plaintiff's head to strike, drag against, or impact the car door and/or car frame.

Presiding Judge: HON. REBECCA K. PHILLIPS (637246)

COM : 000005 of 000022

28. Defendants knew or should have known that a severely intoxicated, handcuffed person has impaired balance, impaired ability to protect himself, heightened medical vulnerability, and an increased risk of head injury, positional injury, aspiration, alcohol poisoning, respiratory compromise, and other serious harm.

29. Rather than seek medical care for Plaintiff's severe intoxication, apparent borderline alcohol poisoning, head impact, taser exposure, and physical condition, Defendants transported Plaintiff to the Grayson Police Department for observation.

30. At the Grayson Police Department, Defendants placed and held Plaintiff in an observation room for an extended period of time.

31. Plaintiff remained intoxicated, impaired, handcuffed, distressed, and in need of medical evaluation.

32. Plaintiff was never violent and never meaningfully resisted. He was intoxicated and medically vulnerable.

33. Defendants verbally berated Plaintiff and treated him in an extremely disrespectful and degrading manner despite his attempts to comply and despite his obvious impairment.

34. While Plaintiff was handcuffed in the observation room and not a threat, Defendants pepper sprayed him twice.

35. Plaintiff was screaming for help and asking someone to listen.

36. Plaintiff was confined in a small, non-ventilated observation room after being pepper sprayed.

37. Defendants delayed or failed to promptly decontaminate Plaintiff after pepper spraying him.

Presiding Judge: HON. REBECCA K. PHILLIPS (637246)

COM : 000006 of 000022

Filed 26-CI-00238 06/05/2026 Larry D. Thompson, Carter Circuit Clerk

Presiding Judge: HON. REBECCA K. PHILLIPS (637246)

COM : 000007 of 000022

38. Defendants themselves had trouble entering the room because of the pepper spray and acknowledged that the room was "hot" and "very spicy" before EMS could assess Plaintiff.

39. Defendants left Plaintiff with pepper spray residue and liquid on his face.

40. Rather than obtain prompt medical care, Defendants left Plaintiff in the room, where he was presumably falling, stumbling, running into walls, or otherwise injuring himself due to intoxication, impairment, and the effects of pepper spray.

41. The harm to Plaintiff could have been avoided or reduced had Defendants obtained timely medical care, de-escalated, secured him safely, decontaminated him promptly, monitored him appropriately, and refrained from gratuitous force.

42. Defendants intentionally overcharged Plaintiff and/or charged him in a manner not supported by the facts. And, upon information and belief, Grayson Police Department charges individuals with resisting, menacing, disorderly conduct, or other similar charges to justify any use of force.

43. Officer Bell's citation was materially false, misleading, or omitted material facts, including facts shown by body-camera footage and/or other evidence.

44. Plaintiff ultimately pleaded to Alcohol Intoxication, and the remaining charges were dismissed on motion of the Commonwealth.

45. Upon information and belief, the City of Grayson, Grayson Police Department, supervisors, and policymakers knew or should have known that Officer Bell had a history, pattern, or propensity for the type of conduct at issue.

46. Upon information and belief, there were multiple prior incidents involving Officer Bell and/or the Grayson Police Department before the incident involving Plaintiff, including at least one civil lawsuit involving Bell and/or the Grayson Police Department.

47. Upon information and belief, despite those known issues, the City of Grayson, Grayson Police Department, supervisors, and policymakers failed to adequately train, supervise, discipline, investigate, restrict, or remove Officer Bell.

48. Upon information and belief, after Officer Bell left Grayson and went to Paintsville, the Paintsville Mayor and public-safety officer stated that the City of Grayson provided a positive recommendation, reported no disciplinary issues or reprimands, and that Officer Bell had never been subject to a civil lawsuit.

49. The City of Grayson made such recommendation while having knowledge that there was a pending civil lawsuit filed by Jason Davis, pending in Eastern Kentucky Federal Court.

50. These acts and omissions show deliberate indifference, negligence, gross negligence, bad faith, ratification, and/or a custom, policy, or practice that caused Plaintiff's injuries.

51. Plaintiff suffered physical injury, pain, emotional distress, humiliation, fear, anxiety, loss of dignity, loss of liberty, medical consequences, damages associated with criminal prosecution, attorney's fees and costs, and other damages to be proven at trial.

### V. Causes of Action

### Count I — 42 U.S.C. § 1983: Excessive Force Under the Fourth Amendment
### Against Officer Bell and Cole Cordle, Individually

52. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

Filed    26-CI-00238 06/05/2026    Larry D. Thompson, Carter Circuit Clerk

53. At the time Defendants seized, restrained, tased, dragged, struck, forced, pepper sprayed, and otherwise used force against Plaintiff, Plaintiff was protected by the Fourth Amendment's prohibition against unreasonable seizures and excessive force.

54. Claims of excessive force during an arrest, investigatory stop, or seizure are governed by objective reasonableness under the Fourth Amendment. *See* Graham v. Connor, 490 U.S. 386 (1989).

55. Plaintiff was intoxicated, impaired, nonviolent, handcuffed, not fleeing, and not actively resisting in a manner that justified the force used.

56. The force used against Plaintiff was objectively unreasonable, unnecessary, excessive, punitive, and disproportionate to any legitimate law-enforcement need.

57. Defendants' conduct included, without limitation, tasing Plaintiff, pulling or dragging him from the vehicle onto pavement, causing his head to strike the vehicle door or frame, forcing him into positions despite his impairment, pepper spraying him twice while handcuffed and confined, and delaying decontamination.

58. Defendants' actions violated clearly established constitutional rights of which reasonable officers would have known.

59. As a direct and proximate result, Plaintiff suffered damages.

**Count II — 42 U.S.C. § 1983: Unreasonable Seizure, Arrest, Detention, and Use of Force Against Officer Bell and Cole Cordle, individually**

60. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

61. Defendants seized Plaintiff, restrained him, transported him, confined him, and caused him to be charged.

Presiding Judge: HON. REBECCA K. PHILLIPS (637246)

COM : 000009 of 000022

62. Defendants lacked lawful justification to use the degree of force used, to prolong the detention in the manner imposed, to decline medical care in favor of police confinement, and/or to support false or inflated charges through materially false or misleading assertions.

63. To the extent Defendants contend Plaintiff was arrested or detained based on alleged resistance or other misconduct, those allegations were materially false, exaggerated, or unsupported by the circumstances and available video evidence.

64. Defendants violated Plaintiff's clearly established rights to be free from unreasonable seizure, unreasonable force, and detention unsupported by truthful and legally sufficient grounds.

65. As a direct and proximate result, Plaintiff suffered damages.

**Count III — 42 U.S.C. § 1983: Deliberate Indifference / Failure to Provide Medical Care Under the Fourteenth Amendment**
**Against Officer Bell, Cole Cordle and Grayson Police Department Supervisors, Individually**

66. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

67. After Plaintiff was restrained and in police custody, Defendants had a constitutional obligation not to act with deliberate indifference or objective unreasonableness toward Plaintiff's serious medical needs.

68. Plaintiff's serious medical needs included severe intoxication, apparent borderline alcohol poisoning, inability to stand or follow directions, head impact, taser exposure, pepper-spray exposure, respiratory and decontamination risks, and risk of falls or further injury.

69. Defendants knew or should have known Plaintiff required medical evaluation and care.

Presiding Judge: HON. REBECCA K. PHILLIPS (637246)

COM : 000010 of 000022

Filed 26-CI-00238 06/05/2026 Larry D. Thompson, Carter Circuit Clerk

70. Instead of promptly obtaining medical care, Defendants transported Plaintiff to the police department, confined him in an observation room, pepper sprayed him twice, delayed decontamination, and left him in unsafe conditions.

71. A municipality may be liable under § 1983 for failure to train where the failure amounts to deliberate indifference and causes constitutional injury. *See* City of Canton, Ohio v. Harris, 489 U.S. 378 (1989).

72. The force used on a pretrial detainee is unconstitutional if objectively unreasonable. *See* Kingsley v. Hendrickson, 576 U.S. 389 (2015).

73. Defendants' acts and omissions were deliberately indifferent, objectively unreasonable, reckless, and in bad faith.

74. As a direct and proximate result, Plaintiff suffered damages.

### Count IV — 42 U.S.C. § 1983: Failure to Intervene

### Against Officer Bell, Officer Cordle and Grayson Police Supervisors, Individually

75. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

76. Each individual Defendant who was present and observed excessive force, unreasonable detention, denial of medical care, pepper spraying, delayed decontamination, false charging, or other unconstitutional conduct had a reasonable opportunity and duty to intervene to prevent or stop the violation.

77. Defendants failed to intervene, failed to stop the unlawful conduct, failed to obtain medical care, failed to decontaminate Plaintiff promptly, failed to correct false allegations, and/or affirmatively participated in the misconduct.

78. As a direct and proximate result, Plaintiff suffered damages.

Presiding Judge: HON. REBECCA K. PHILLIPS (637246)

COM : 000011 of 000022

Filed                26-CI-00238 06/05/2026                Larry D. Thompson, Carter Circuit Clerk

## Count V — 42 U.S.C. § 1983: Municipal Liability

## Against City of Grayson, Kentucky; Grayson Police Department; and Official-Capacity

## Defendants

79. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

80. A municipality may be liable under § 1983 when a constitutional injury is caused by an official policy, custom, practice, decision of a final policymaker, failure to train, failure to supervise, failure to discipline, ratification, or deliberate indifference. *See* Monell v. Department of Social Services, 436 U.S. 658 (1978).

81. Plaintiff's injuries were caused by policies, customs, practices, failures, and ratification of the City of Grayson and its police department, including but not limited to:

   a. tolerating excessive force against intoxicated, impaired, handcuffed, or nonresistant individuals;

   b. failing to train officers on intoxication, alcohol poisoning, medical vulnerability, head injury risk, de-escalation, safe transport, seat belting, restraint, taser use, pepper-spray use, decontamination, observation-room confinement, and EMS referral;

   c. failing to supervise, discipline, investigate, or restrict officers with known histories or complaints of excessive force, false reporting, or mistreatment of detainees;

   d. failing to require truthful reporting and accurate citations;

   e. encouraging or tolerating overcharging or unsupported charges to justify force or detention;

   f. maintaining practices that allowed officers to hold medically vulnerable intoxicated persons in police observation rooms rather than obtaining medical care;

Presiding Judge: HON. REBECCA K. PHILLIPS (637246)

COM : 000012 of 000022

g. ratifying the conduct at issue by failing to correct it, concealing it, defending it, minimizing it, or providing positive employment recommendations despite known issues; and

h. failing to implement adequate policies and procedures to prevent recurrence.

82. Upon information and belief, Defendants had prior notice through previous incidents, complaints, litigation, internal concerns, public-safety concerns, or other information involving Officer Bell and/or the Grayson Police Department.

83. Defendants' failures were moving forces behind the violation of Plaintiff's constitutional rights.

84. As a direct and proximate result, Plaintiff suffered damages.

### Count VI — Assault and Battery
**Against Officer Bell, Officer Cordle, and Grayson Police Department Supervisors Individually; and Against City of Grayson Under Respondeat Superior to the Extent Permitted by Law**

85. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

86. Defendants intentionally caused Plaintiff to apprehend imminent harmful or offensive contact and intentionally caused harmful or offensive contact with Plaintiff.

87. The contact included, without limitation, tasing Plaintiff, pushing him, dragging him, causing his head to strike the vehicle, forcibly handling him, forcing him into positions, and pepper spraying him twice while handcuffed and not a threat.

88. The force used was not legally justified and exceeded any privilege, authority, or lawful scope of police action.

89. Defendants acted intentionally, maliciously, recklessly, wantonly, and/or in bad faith.

90. As a direct and proximate result, Plaintiff suffered damages.

Presiding Judge: HON. REBECCA K. PHILLIPS (637246)

COM : 000013 of 000022

**Count VII — Negligence, Gross Negligence, and Recklessness**

**Against All Defendants Except Where Immunity Is Ultimately Found to Apply**

91. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

92. Defendants owed Plaintiff duties to exercise reasonable care, to avoid unreasonable force, to safely detain and transport him, to obtain medical care when reasonably necessary, to protect him from foreseeable harm while in custody, to use chemical agents and tasers only when justified, to decontaminate him promptly, to monitor him appropriately, and to avoid false or misleading statements in official reports and citations.

93. Defendants breached those duties by the acts and omissions described herein.

94. Defendants' conduct was negligent, grossly negligent, reckless, wanton, and/or in bad faith.

95. To the extent Defendants claim qualified official immunity, Plaintiff pleads that Defendants violated ministerial duties, acted outside the scope of lawful authority, acted in bad faith, acted with malice or reckless disregard, and/or violated clearly established rights and duties.

96. As a direct and proximate result, Plaintiff suffered damages.

**Count VIII — Negligent Hiring, Training, Supervision, Discipline, and Retention
Against City of Grayson, Kentucky; Grayson Police Department; and Grayson Police
Department Supervisors**

97. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

98. Defendants owed duties to hire, train, supervise, discipline, monitor, and retain officers in a reasonably safe and lawful manner.

99. Defendants knew or should have known that Officer Bell and/or other officers posed a risk of excessive force, false reporting, misuse of tasers or pepper spray, improper treatment of

intoxicated persons, improper observation-room practices, denial or delay of medical care, and other misconduct.

100. Defendants failed to take reasonable action despite notice of prior incidents, complaints, lawsuits, patterns, or other warning signs.

101. Defendants further failed to provide accurate information concerning Officer Bell's history, performance, and risks when he left Grayson and went to Paintsville, including by reporting or implying that there were no issues with him despite contrary knowledge.

102. Defendants' failures caused or contributed to Plaintiff's injuries.

## Count IX — False Imprisonment / Unlawful Detention
### Against Officer Bell, Officer Cordle and Grayson Police Department Supervisors, and Against City of Grayson to the Extent Permitted by Law

103. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

104. Defendants intentionally restrained Plaintiff's liberty by force, threat, confinement, handcuffing, transport, observation-room detention, and criminal process.

105. Defendants lacked lawful justification to restrain and confine Plaintiff in the manner and duration alleged, particularly after it became apparent that Plaintiff required medical care and was not violent or actively resisting.

106. To the extent Defendants relied on false, exaggerated, or materially misleading assertions to justify Plaintiff's detention, that detention was unlawful.

107. As a direct and proximate result, Plaintiff suffered damages.

## Count X — Malicious Prosecution / Wrongful Use of Criminal Proceedings
### Against Officer Bell and Any Defendant Who Initiated, Continued, or Caused Unsupported Charges

108. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

Presiding Judge: HON. REBECCA K. PHILLIPS (637246)

COM : 000015 of 000022

109.    Defendants initiated, continued, influenced, or caused criminal charges against Plaintiff, including charges beyond Alcohol Intoxication.

110.    Defendants lacked probable cause for one or more charges and acted with malice, improper purpose, or reckless disregard for the truth.

111.    The remaining charges were dismissed on motion of the Commonwealth after Plaintiff pleaded to Alcohol Intoxication.

112.    Plaintiff preserves this claim to the full extent permitted by Kentucky law, including as to charges that terminated in Plaintiff's favor. Plaintiff does not seek to disturb or collaterally attack his Alcohol Intoxication plea.

113.    As a direct and proximate result, Plaintiff suffered damages.

## Count XI — Abuse of Process
### Against Officer Bell and Any Defendant Who Misused Criminal Process

114.    Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

115.    Defendants used criminal processes for purposes other than those for which it was designed, including to justify excessive force, cover misconduct, punish Plaintiff for being intoxicated and asking for help, pressure Plaintiff, or shield officers from accountability.

116.    Defendants' misuse of process caused Plaintiff damages.

## Count XII — Intentional Infliction of Emotional Distress / Outrage
### Against Officer Bell, Officer Cordle and Grayson Police Department

117.    Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

118.    Defendants' conduct was intentional or reckless.

119.    Defendants' conduct was outrageous and intolerable in a civilized community, including tasing, dragging, injuring, pepper spraying, berating, confining, and delaying

Presiding Judge: HON. REBECCA K. PHILLIPS (637246)

COM : 000016 of 000022

Filed 26-CI-00238 06/05/2026 Larry D. Thompson, Carter Circuit Clerk

care for a handcuffed, intoxicated, medically vulnerable, nonviolent person who was asking for help.

120.    Defendants' conduct caused Plaintiff severe emotional distress.

121.    As a direct and proximate result, Plaintiff suffered damages.

### Count XIII — Negligent Infliction of Emotional Distress
### Against All Defendants Except Where Immunity Is Ultimately Found to Apply

122.    Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

123.    Defendants owed Plaintiff duties of reasonable care.

124.    Defendants breached those duties by the acts and omissions described herein.

125.    Defendants' conduct caused Plaintiff severe emotional distress, humiliation, fear, anxiety, and related damages, including emotional distress arising from physical impact, physical injury, restraint, chemical exposure, intoxication-related medical vulnerability, and confinement.

### Count XIV — Kentucky Constitutional Violations / State Constitutional Claims Preserved
### Against All Defendants to the Extent Recognized by Law

126.    Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

127.    Defendants' conduct violated Plaintiff's rights under the Kentucky Constitution, including rights to personal security, liberty, freedom from unreasonable seizure, due process, and protection from unlawful force and detention.

128.    Plaintiff pleads this count to preserve all available Kentucky constitutional theories, including declaratory, equitable, and damages remedies to the extent recognized by Kentucky law.

Presiding Judge: HON. REBECCA K. PHILLIPS (637246)

COM : 000017 of 000022

## Count XV — Respondeat Superior / Vicarious Liability
### Against City of Grayson, Kentucky and Grayson Police Department to the Extent Permitted by Law

129.    Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

130.    The individual Defendants were agents, servants, employees, or representatives of the City of Grayson and/or Grayson Police Department.

131.    The individual Defendants acted within the course and scope or apparent scope of their employment, agency, or authority when committing the acts and omissions described herein.

132.    The City of Grayson and/or Grayson Police Department are vicariously liable for state-law torts committed by their employees and agents to the extent permitted by Kentucky law.

## Count XVI — Punitive Damages
### Against Individual Defendants in Their Individual Capacities

133.    Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

134.    The individual Defendants acted with oppression, fraud, malice, reckless disregard, willfulness, wantonness, bad faith, and/or conscious disregard for Plaintiff's rights and safety.

135.    Plaintiff is entitled to punitive damages against the individual Defendants in their individual capacities to the full extent permitted by Kentucky and federal law.

136.    Plaintiff does not seek punitive damages against the City of Grayson under § 1983 where such damages are barred by law, but preserves all other punitive-damages theories against non-immune individual Defendants.

Presiding Judge: HON. REBECCA K. PHILLIPS (637246)

COM : 000018 of 000022

## VI. Damages

137.    As a direct and proximate result of Defendants' acts and omissions, Plaintiff suffered damages including but not limited to:

a.  physical injuries;

b.  pain and suffering;

c.  emotional distress, fear, humiliation, embarrassment, anxiety, and loss of dignity;

d.  injuries and risks associated with taser exposure;

e.  injuries and risks associated with pepper-spray exposure and delayed decontamination;

f.  injuries and risks associated with severe intoxication, falls, head impact, and lack of timely medical care;

g.  loss of liberty and unlawful detention;

h.  costs, fees, and damages associated with criminal charges and court proceedings;

i.  attorney's fees and costs under 42 U.S.C. § 1988 and other applicable law;

j.  pre-judgment and post-judgment interest;

k.  punitive damages against individual Defendants where permitted; and

l.  all other damages proven at trial.

## VII. Conditions Precedent and Preservation

138.    Plaintiff has performed all conditions precedent to filing suit or such conditions have been waived, excused, are inapplicable, or will be satisfied before judgment.

139.    Plaintiff pleads all claims in the alternative and preserves all claims that may be supported by discovery, including claims against additional officers, supervisors, policymakers, municipal entities, or other responsible persons.

Presiding Judge: HON. REBECCA K. PHILLIPS (637246)

COM : 000019 of 000022

Filed                26-CI-00238 06/05/2026                Larry D. Thompson, Carter Circuit Clerk

140.    Plaintiff reserves the right to amend this Complaint after receipt of body-camera footage, dispatch records, CAD logs, 911 recordings, incident reports, citations, use-of-force reports, medical records, internal-affairs files, prior complaints, personnel files, training records, disciplinary records, prior litigation materials, and records concerning Officer Bell's transition from Grayson to Paintsville.

141.    Plaintiff does not seek relief barred by sovereign, governmental, qualified, official, or statutory immunity, but pleads that no such immunity applies to the individual Defendants' unconstitutional, ministerial, malicious, reckless, wanton, bad-faith, or ultra vires conduct, and that municipal liability exists under federal law and all applicable Kentucky law.

### VIII. Prayer for Relief

WHEREFORE, Plaintiff Caleel Ware respectfully demands judgment against Defendants, jointly and severally where permitted by law, as follows:

A. Compensatory damages in an amount to be determined by the jury;

B. Damages for physical injury, pain and suffering, emotional distress, humiliation, loss of dignity, loss of liberty, and other non-economic harm;

C. Economic damages, including costs, expenses, medical expenses, litigation-related losses, and other out-of-pocket losses;

D. Punitive damages against individual Defendants in their individual capacities to the extent permitted by law;

E. Reasonable attorney's fees and costs under 42 U.S.C. § 1988 and any other applicable authority;

F. Pre-judgment and post-judgment interest;

Filed                26-CI-00238 06/05/2026                Larry D. Thompson, Carter Circuit Clerk

Presiding Judge: HON. REBECCA K. PHILLIPS (637246)

COM : 000020 of 000022

Case: 0:26-cv-00094-SCM     Doc #: 1-1     Filed: 06/18/26     Page: 22 of 23 - Page ID#: 25

G. Trial by jury on all issues so triable;

H. Leave to amend to identify Unknown/Unnamed Defendants and add claims or parties as discovery warrants; and

I. All other relief to which Plaintiff may be entitled.

J. A Jury Trial is demanded.

Respectfully submitted,

/s/ Derrick E. Willis
HON. DERRICK E. WILLIS
117 South Hord Street
Grayson, Kentucky 41143
(606) 474-4668
derrick@willislaw.us

Presiding Judge: HON. REBECCA K. PHILLIPS (637246)

COM : 000021 of 000022

Filed   26-CI-00238 06/05/2026   Larry D. Thompson, Carter Circuit Clerk

I have read the foregoing Complaint and hereby verify that the statements contained herein are true and correct to the best of my knowledge and belief.

_____
CALEEL WARE

STATE OF GEORGIA

COUNTY OF _DeKalb_

The foregoing was acknowledged, subscribed and sworn to before me by **Caleel Ware** this _2nd_ day of June, 2026.

_____
NOTARY PUBLIC, GEORGIA STATE AT LARGE – GANP# _N/A_

My commission expires: _November 22, 2026_

RENEE T BELL
NOTARY PUBLIC
Dekalb County
State of Georgia
My Comm. Expires Nov. 22, 2026

Presiding Judge: HON. REBECCA K. PHILLIPS (637246)

COM : 000022 of 000022